UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SHASHI OLIVEIRA,

                  Plaintiff,

                                            **MEMORANDUM AND ORDER**

        -against-                                23-CV-8551 (OEM)

COMMISSIONER OF THE SOCIAL SECURITY

ADMINISTRATION,

                  Defendant.

------------------------------------------------------------------x

ORELIA E. MERCHANT, United States District Judge:

      Plaintiff Shashi Oliveira ("Plaintiff" or "Oliveira") filed this action under 42 U.S.C. §

405(g) and § 1383(c)(3) seeking judicial review of the final decision of the Commissioner of the

Social Security Administration ("SSA") denying her application for Supplemental Security

Income disability benefits.  Before the Court are the parties' cross-motions for judgment on the

pleadings.[1]  Plaintiff seeks an order remanding this matter to the SSA for further administrative

proceedings, while the SSA Commissioner ("Commissioner") asks the Court to affirm their denial

of Plaintiff's claim.  Having considered the parties' pleadings and arguments, and the

---

[1] Notice of Motion for Judgment on the Pleadings, ECF 6; Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings ("Pl.'s Memo"), ECF 6-1; Notice of Cross-Motion, ECF 10; Memorandum of Law in Support of Defendant's Cross-Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings ("Def.'s Memo"), ECF 10-1.

administrative record[2] ("AR"), Oliveira's motion is DENIED, the Commissioner's motion is GRANTED, and the Administrative Law Judge's ("ALJ") decision is AFFIRMED.

## BACKGROUND

### A.    Oliveira's Social Security Income Application

Oliveira applied for Supplemental Security Income ("SSI") under Section 1614(a)(3) of the Social Security Act on May 19, 2020, alleging disability from lumbar disc disease. AR 18, 20, 110. Oliveira's claim was initially denied on January 6, 2021, and again following reconsideration on June 17, 2021. AR 18. At Oliveira's request, an ALJ held a telephonic hearing regarding her application on February 23, 2022. *Id.* During the hearing, Oliveira's principal representative was attorney Harold Skovronsky. *Id.* Attorney Charles Weiser also represented Oliveira at the hearing. Renee Jubrey, an "impartial vocational expert" testified at the hearing. *Id.*

### B.    The Administrative Law Judge's Findings

On March 16, 2022, the ALJ issued a decision finding that Oliveira was not "under a disability within the meaning of the Social Security Act since May 19, 2020, the date the application was filed." *Id.* 15, 18. The ALJ made the following enumerated findings:

> 1.    The claimant has not engaged in substantial gainful activity since May 19, 2020, the application date (20 CFR 416.971 *et seq.*).
>
> 2.    The claimant has the following severe impairment: lumbar disc disease (20 CFR 416.920(c)).
>
> 3.    The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed

---

[2] The transcript of the administrative record, ECF 5, and supplemental administrative record, ECF 9, are jointly referenced herein by the abbreviation "AR." All page numbers cited in the AR refer to the bold Bates stamp at the bottom right corner of each page.

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

    4.     After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she requires a cane in the right, dominant hand for all ambulation. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. She cannot use moving mechanical parts or have exposure to unprotected heights.

    5.     The claimant has no past relevant work (20 CFR 416.965).

    6.     The claimant was born on October 9, 1978 and was 41 years old, which is defined as a younger individual age 18-44, on the date the application was filed (20 CFR 416.963).

    7.     The claimant has at least a high school education (20 CFR 416.964).

    8.     Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).

    9.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969a).

    10.     The claimant has not been under a disability, as defined in the Social Security Act, since May 19, 2020, the date the application was filed (20 CFR 416.920(g)).

AR 20-24. The Social Security Appeals Council denied Oliveira's request for review on April 7, 2023, making the ALJ's decision the final decision of the Commissioner. AR 6.

## LEGAL STANDARDS

### A.    Standard of Review

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure should be granted if under the pleadings "the moving party is entitled to judgment as a matter of law." *Burns Int'l Sec. Servs., Inc. v. Int'l Union United Plant Guard Workers of Am. (UPGWA) & Its Local 537*, 47 F.3d 14, 16 (2d Cir. 1995). The Court may "enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "When there are gaps in the administrative record or the ALJ has applied an improper legal standard," remand for further development of the record is appropriate. *See Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks and citation omitted).

This Court's review of an ALJ's decision is limited to determining (1) whether the ALJ's findings are supported by substantial evidence and (2) whether the ALJ applied the correct legal standard. *See* 42 U.S.C. § 405(g). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (alteration in original) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is less than a preponderance but "more than a mere scintilla" and refers to "such relevant evidence [] a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Consol. Edison Co.*, 305 U.S. at 229).

Claimants who were denied disability benefits at by the SSA may bring an action in federal court seeking judicial review of the Commissioner's denial of benefits. 42 U.S.C. §§ 405(g), 1383(c)(3). The reviewing court does not have the authority to conduct a *de novo* review and may not substitute its own judgment for that of the ALJ, even when it might have justifiably reached a different result. *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); *see Schmidt v. Comm'r of Soc. Sec.*, 20-cv-3594 (KAM), 2022 WL 1540054, at *2 (E.D.N.Y. May 16, 2022). Rather, "[a] district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v.*

4

*Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). "The substantial evidence standard means once an ALJ finds facts, [the court] can reject those facts 'only if a reasonable factfinder would have to conclude otherwise.'" *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citations omitted).

### B.    Determining Disability at the Administrative Level

SSI benefits are available to individuals who are disabled, which is defined in this context as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

ALJs must employ a "five-step sequential evaluation process" to determine whether a claimant is disabled, proceeding through each step until a determination can be reached. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step one, the ALJ considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is performing substantial gainful activity, then the claimant is not disabled. At step two, the ALJ determines whether the claimant suffers from "a severe medically determinable physical or mental impairment" or "combination of impairments" that meets the 12-month durational requirement. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments [that meets the durational requirement], then the claimant is not disabled. At step three, the ALJ considers whether the claimant's medical impairment or impairments appear on a list maintained by the SSA that identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the

claimant's impairment meets or equals one of the listings, then the ALJ will find the claimant disabled. If not, the ALJ proceeds to step four.

At step four, the ALJ evaluates the claimant's past relevant work and "residual functional capacity," defined as "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1)); *see* 20 C.F.R §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Past work is relevant to this analysis if the claimant performed the work within the past 15 years, the work qualifies as substantial gainful activity, and the work lasted long enough for the claimant to learn how to do it. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1). If the claimant's residual functional capacity (RFC) permits her to perform past relevant work, she is not disabled. If a claimant cannot perform past relevant work, the ALJ proceeds to step five and determines whether, "in light of [her] residual functional capacity, age, education, and work experience," a claimant can perform other substantial gainful employment. *Id.* While the claimant bears the burden of proof during the first four steps, at step five "the burden shifts to the Commissioner to demonstrate that there are jobs in the national economy that the claimant can perform." *Nieves v. Comm'r of Soc. Sec.*, 20-cv-8873 (SLC), 2022 WL 951107, at *7 (S.D.N.Y. Mar. 30, 2022) (citing *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009)). Claimants who can perform such work are not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## DISCUSSION

Oliveira makes two arguments in support of judgment on the administrative record and remand. First, Oliveira argues that the Commissioner's decision is not supported by substantial evidence because "[t]he record, [] is devoid of <u>substantial</u> evidence supportive of the notion that the plaintiff can in fact do sedentary work." Pl.'s Memo at 10 (emphasis in original). Second, Oliveira argues that the ALJ failed to properly assess Dr. Ravi's medical opinion regarding

Oliveira's functional limitations in formulating her RFC. Pl.'s Memo at 8. Oliveira therefore argues that the Court should remand her application to the SSA for reconsideration. Pl.'s Memo at 8.

The Commissioner responds that substantial evidence supports the ALJ's finding that Plaintiff had the RFC to perform a range of sedentary work and that the ALJ applied the applicable SSA regulation in considering Dr. Ravi's medical opinion and prior administrative medical findings. Def.'s Memo at 16. Further, the Commissioner asserts that Plaintiff's argument "ignores the fact that it is the duty of the ALJ to consider 'the medical and other relevant evidence in the record in its totality to reach an RFC determination.'" Def.'s Memo at 16 (citing *Curry v. Comm'r of Soc. Sec.*, 855 F. App'x 46, 48 n.3 (2d Cir. 2021)).

## A.    Substantial Evidence Supports the ALJ's RFC Formulation

SSA regulations define a claimant's RFC as "what [the claimant] can still do despite his or her limitations." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (citing *SSR 96-8p*, 1996 WL 374184). In rendering an RFC determination, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). Specifically, the ALJ must consider objective medical facts, diagnoses, and medical opinions based on such facts, as well as a plaintiff's subjective symptoms, including pain and descriptions of other limitations. 20 C.F.R. §§ 404.1545, 416.945. An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Matta*, 508 F. App'x at 56. However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586–87 (W.D.N.Y. 2018) (quoting *Dailey v. Astrue*, 09-cv-0099, 2010 WL 4703599, *11 (W.D.N.Y. Oct. 26, 2010)). In other words:

> An ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion.' [...] This rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, 17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (citations omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted). However, at bottom, "[a]n RFC finding is administrative in nature, not medical, and its determination is within the province of the ALJ, as the Commissioner's regulations make clear." *Curry v. Comm'r of Soc. Sec.,* 855 F. App'x 46, 48 n.3 (2d Cir. 2021).

"Substantial evidence" is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In determining whether the Commissioner's findings were based on substantial evidence, the Court must ascertain whether the agency considered all evidence in the case record to reach its findings. 20 C.F.R. § 404.1520(a)(3). The Court "is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Seilan*, 708 F.3d at 417. "However, the Court is mindful that 'it is up to the agency, and not this [C]ourt, to weigh the conflicting evidence in the record.'" *Lebby v. Comm'r of Soc. Sec.*, 20-cv-4760 (PKC), 2022 WL 580983, at *7 (E.D.N.Y. Feb. 24, 2022) (alteration in original) (quoting *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). The Court does not decide the case *de novo*, instead, the factual findings of the Commissioner are final if supported by substantial evidence. *See Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004); *see also Veino v. Barnhart*, 312 F.3d 578, 586 (2d

Cir. 2002) ("Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, we will not substitute our judgment for that of the Commissioner.").

Here, the ALJ made the following RFC formulation as to Oliveira: "After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except she requires a cane in the right, dominant hand for all ambulation. She can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs. She cannot use moving mechanical parts or have exposure to unprotected heights." AR 21.

"After careful consideration of all the evidence, I conclude the claimant has not been under a disability within the meaning of the Social Security Act since May 19, 2020, the date the application was filed." AR at 18. The ALJ properly considered Oliveira's "symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSR 16-3p. [He] also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 416.920c. allegations." AR 21. Specifically, the ALJ considered the opinions of State agency medical consultants G. Feldman, AR 57, and C. Li, AR 71, Oliveira's pain management provider Panagiotis Zenetos, AR 215-16, and Oliveira's internal medicine consultative examiner, Dr. Ram Ravi. AR at 23.

In support of her argument, Oliveira underscores that "[t]he only _examining_ physician who assessed Plaintiff's RFC is Dr. Ravi, an occupational medicine specialist [] who was designated by the Commissioner for that purpose." Pl.'s Memo at 10 (emphasis in original). According to Oliveira, despite Dr. Ravi's conclusion that Oliveira has "[m]oderate to marked limitations [for]

standing, walking, bending, pushing, pulling, lifting, and carrying[,]" the ALJ "insisted that Dr. Ravi's assessment does not preclude sedentary work inasmuch as the doctor's finding of moderate-to-marked restrictions is 'vague.'"    Pl.'s Memo at 10.    This reasoning, Oliveira contends, "constitutes an abdication of judicial obligations."  Pl.'s Memo at 10.

> If the ALJ was in fact genuinely concerned that a medical finding of moderate-to-marked restrictions is insufficiently specific to support a conclusion of inability to perform sedentary work, he could simply have reached out to Dr. Ravi for clarification. Alternatively, he could have elicited testimony from another medical expert, or he could have ordered another consultative examination - both procedures commonly employed by ALJs. Instead, the ALJ casually dismissed Dr. Ravi's opinions as too vague, and he- let the matter drop. That is unsatisfactory adjudication…

*Id*. at 11.

Plaintiff's argument is without merit.  Even assuming, *arguendo*, that the ALJ could have developed the record further—by probing Dr. Ravi's description of Plaintiff's abilities to stand, walk, bend, push, pull, lift, and carry as "moderate to marked"—the Court would still find that the ALJ's decision is supported by substantial evidence.  The "vague" portion of Dr. Ravi's assessment referred to limitations on Plaintiff's "standing, walking, bending, pushing, pulling, lifting, and carrying," none of which are implicated in the kind of sedentary work the ALJ believes Plaintiff capable of performing.  AR at 324.  Therefore, Plaintiff's criticism of the ALJ's purported failure to develop the record fails because even if the record were robust regarding Plaintiff's struggles standing, etc., that determination would have little to no bearing on Plaintiff's sitting and her ability to perform sedentary work.  In short, because the ALJ's RFC determination that Plaintiff can perform sedentary work was based on Dr. Ravi's determination that Plaintiff had "[n]o limitations sitting," AR at 324, Plaintiff's attacks on secondary issues related to the record's development, are unavailing.  Moreover, Plaintiff—not the ALJ—bears the burden of proof in the first four steps of the sequential inquiry.  *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018).  That is,

Plaintiff is responsible for explaining how the evidence supports a greater RFC limitation. Highlighting the ALJ's failure to flesh out secondary, non-controlling portions of the record, does not suffice to meet that burden. Thus, Plaintiff is not entitled to remand on that ground.

### B.    The ALJ Properly Assessed Dr. Ravi's Medical Opinion.

For SSI claims filed on or after March 27, 2017, the applicable SSA regulations provide that the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative findings, including those from [the claimant's] medical sources."[3]  20 C.F.R. § 416.920c(a).  Instead, the ALJ must "evaluate the persuasiveness" of all medical opinions and prior administrative medical findings based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors including, but not limited to, evidence showing that the medical source is familiar with other evidence in the record or has an understanding of the SSA's policies and evidentiary requirements. *Id.* § 416.920c(a), (c)(1)-(5).  The regulations specifically require ALJs to "articulate in [their] determination[s] or decision[s] how persuasive [they] find all of the medical opinions" in a claimant's record. *Id.* § 416.920c(b).

---

[3] This is a departure from the regulations governing claims filed before March 27, 2017, which "[g]enerally . . . g[a]ve more weight to the medical opinion of a source who ha[d] examined [the claimant] than to the medical opinion of a medical source who ha[d] not examined [the claimant]."  20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1).  Those regulations specifically required an ALJ to give controlling weight to a medical opinion from the claimant's treating physician if the opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [was] not inconsistent with other substantial evidence in [the] case record[.]" *Id.* §§ 404.1527(c)(2), 416.927(c)(2).

Supportability and consistency are "[t]he most important factors" in this analysis. *Id.* § 416.920c(a). In assessing supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be." *Id.* § 416.920c(c)(1). In assessing consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § 416.920c(c)(2). The SSA has promised claimants that it "will explain how [it] considered the supportability and consistency factors . . . in [its] determination or decision" and "may, but [is] not required to, explain how [it] considered the [remaining] factors . . . ." *Id.* § 416.920c(b)(2).

Dr. Ravi made findings about Oliveira's health including, among other things, her vision, general appearance, skin and lymph nodes, chest, and lungs. AR 320-21. Additionally, Dr. Ravi noted the following findings:

DIAGNOSIS: Back pain,

PROGNOSIS: Guarded.

MEDICAL SOURCE STATEMENT: No limitations sitting. Moderate to marked limitations standing, walking, bending, pushing, pulling, lifting, and carrying.

AR 321. The ALJ said the following about Dr. Ravi's opinion:

I considered the opinion of Ram Ravi, MD, the internal medicine consultative examiner (4F). Dr. Ravi's opinion was supported by an associated clinical exam with objective findings. It was also consistent with the claimant's treating records showing a lumbar herniation with moderate physical exam findings and a conservative course of treatment. However, the doctor's suggestion of "moderate to marked" limitations was vague, and this does not meaningfully inform the residual functional capacity beyond indicating that the claimant has some degree of

restriction in the associated functions.   Accordingly, this opinion was partially persuasive.

AR 23.  The ALJ properly evaluated the persuasiveness of Dr. Ravi's opinion.  *See* 20 C.F.R. § 416.920c(a).  As the ALJ noted, Dr. Ravi's opinion was "consistent with the claimant's treating records" and supported with "objective findings," but was only partially persuasive because Dr. Ravi's description of Oliveira's limitations was "vague."  In other words, Dr. Ravi's opinion was supportive and consistent, pursuant to the regulatory factors, but insufficiently specific to aid in the ALJ's RFC determination, rendering the opinion less persuasive.

## CONCLUSION

For the forementioned reasons, Oliveira's motion for judgment on the pleadings is denied, and the Commissioner's cross-motion for judgment on the pleadings is granted.  Accordingly, the ALJ's decision is affirmed.  The Clerk of Court is directed to enter judgment in favor of the Commissioner, and to close the case.

SO ORDERED.

/s/
ORELIA E. MERCHANT
United States District Judge

Dated: November 7, 2024
Brooklyn, New York